IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, | Case No.: 1:24-cv-4935 |
| Plaintiff, | |
| vs. | Judge Manish S. Shah |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................1

ARGUMENT ..........................................................................................................................3

I. THE COURT SHOULD ENJOIN DEFENDANTS' INFRINGEMENT OF ROADGET'S COPYRIGHTS AND FREEZE THE ACCOUNTS REFLECTING THE FRUITS OF THEIR INFRINGEMENT. ........................................................4

    A. Roadget Will Likely Succeed on the Merits of Its Copyright Infringement Claim. ....................................................................................................................4

    B. Roadget Has No Adequate Remedy at Law and Will Suffer Irreparable Harm Absent Preliminary Relief. ..................................................................................5

    C. The Balance of Harms Favors Roadget, and an Injunction Serves the Public Interest. ..................................................................................................................5

II. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE. .........................................7

    A. Defendants Should Be Ordered to Stop Infringing Roadget's Copyrights. ............7

    B. Defendants' Assets Should Remain Frozen. .........................................................7

CONCLUSION .........................................................................................................................8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Aimster Copyright Litig.*,
    252 F. Supp. 2d 634 (N.D. Ill. 2002), *aff'd*, 334 F.3d 643 (7th Cir. 2003) ............................. 7

*Antsy Labs, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, &*
    *Unincorporated Ass'ns Identified on Schedule A Hereto*,
    No. 21 C 3289, 2022 WL 17176498 (N.D. Ill. Nov. 23, 2022) .............................................. 8

*Art Ask Agency v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated*
    *Ass'ns Identified on Schedule A Hereto*,
    No. 1:23-cv-417 (N.D. Ill. May 1, 2023) ............................................................................... 7

*Banister v. Firestone*,
    No. 17 C 8940, 2018 WL 4224444 (N.D. Ill. Sept. 5, 2018) .................................................. 8

*Bulgari, S.p.A. v. P'ships & Unincorporated Ass'ns Identified On Schedule "A,"*
    No. 14-CV-4819, 2014 WL 3749132 (N.D. Ill. July 18, 2014) .......................................... 6, 7

*Burger King Corp. v. Majeed*,
    805 F. Supp. 994 (S.D. Fla. 1992) .......................................................................................... 6

*Bushnell, Inc. v. Brunton Co.*,
    673 F. Supp. 2d 1241 (D. Kan. 2009) ..................................................................................... 6

*CSC Holdings, Inc. v. Redisi*,
    309 F.3d 988 (7th Cir. 2002) .................................................................................................. 8

*Design Basics, LLC v. Signature Constr., Inc.*,
    994 F.3d 879 (7th Cir. 2021) .................................................................................................. 4

*E-Link Tech. Co. v. Shenzhen Uni-Sun Elecs. Co.*,
    No. 20 C 00247, 2020 WL 8079816 (N.D. Ill. May 14, 2020) .............................................. 6

*Evergreen Pharmacy, Inc. v. Garland*,
    621 F. Supp. 3d 861 (N.D. Ill. 2022) ...................................................................................... 4

*Fletcher v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
    No. 1:23-cv-14961 (N.D. Ill. Nov. 22, 2023) ......................................................................... 7

*GEFT Outdoors, LLC v. City of Westfield*,
    922 F.3d 357 (7th Cir. 2019) .................................................................................................. 4

*JCW Invs., Inc. v. Novelty, Inc.*,
    482 F.3d 910 (7th Cir. 2007) .................................................................................................. 5

*Mays v. Dart*,
   974 F.3d 810 (7th Cir. 2020) ...........................................................................................4

*Roland Mach. Co. v. Dresser Indus., Inc.*,
   749 F.2d 380 (7th Cir. 1984) ...........................................................................................6

## INTRODUCTION

This is a copyright infringement case. Each of the 16 Defendants has sought to enrich itself by exploiting Roadget's copyrighted photographs, and each is a foreign entity that has operated an online marketplace while obscuring its identity to do so—primed to disappear and reappear under a new alias at the first sign of trouble. This Court entered a TRO on June 17, 2024, recognizing the irreparable harm Roadget would suffer from continued infringement by foreign defendants who would likely dissipate the assets reflecting the fruits of their misconduct. Defendants have now been served, and Roadget respectfully requests that the Court convert the prior TRO into a preliminary injunction to preserve the status quo—preventing both continuing infringement and the dissipation of Defendants' frozen assets—pending the disposition of Roadget's claims for infringement. Roadget's claims for infringement are strong: its registered copyrights are presumptively valid, and Defendants' copying is exact or nearly exact. And the threat of irreparable harm is real: these foreign sellers are just as likely to abscond and move assets to offshore accounts now as before. A preliminary injunction is necessary to preserve the status quo so that Roadget has a meaningful opportunity to enforce its copyrights and obtain relief in this Court.

## BACKGROUND

Plaintiff Roadget owns the popular SHEIN online fashion and lifestyle retailer. Declaration of Tim Wei [Dkt. 12-7] ("Wei Decl. to TRO Mot.") ¶ 3. Roadget's affiliate and licensee in the United States, Shein Distribution Corporation, sells apparel, beauty products, home goods, pet supplies, and a variety of other products through the SHEIN website at https://us.shein.com and the SHEIN mobile application. *Id.*

Roadget's SHEIN brand has skyrocketed in popularity over the last several years, becoming one of the most visited fashion and apparel sites in the world. Declaration of Deepa A.

Chari to TRO Motion [Dkt. 12-1] ("Chari Decl. to TRO Mot.") Ex. 1 [Dkt. 12-2]. Roadget has invested heavily in building goodwill and brand recognition on social media and other marketing channels. Wei Decl. to TRO Mot. ¶ 4 [Dkt. 12-7]. That strategy has made SHEIN a household name among youth in the U.S. and Illinois. In 2022, for example, the SHEIN mobile app was the most downloaded fashion app in the United States. Chari Decl. to TRO Mot. Ex. 2 [Dkt. 12-3].

Roadget has registered various copyrights to protect its original designs and photographs. Wei Decl. to TRO Mot. ¶ 5 [Dkt. 12-7]. Each of the Roadget copyrights is registered with the U.S. Copyright Office, reflecting Roadget's valid and enforceable copyrights in each photograph. *See* Sealed TRO [Dkt. 17] at 2 (list of copyrights and registration numbers); Sealed Compl. Ex. 1 [Dkt. 10-2] (copyright certificates).

SHEIN's affordable clothes and original designs have taken the Internet by storm—and inspired many copycats on e-commerce platforms. Wei Decl. to TRO Mot. ¶ 6 [Dkt. 12-7]. Roadget regularly finds sellers on e-commerce platforms infringing its copyrights. Defendants, listed on Schedule A to the Complaint, are among such sellers.

Defendants have deliberately and unlawfully copied, displayed, and sold apparel with or using images substantially similar to the Roadget copyrights without authorization. *See* Chari Decl. to TRO Mot. Ex. 4 [Dkt. 12-5]. Their conduct infringes Roadget's copyrights and irreparably harms Roadget.

This Court granted a TRO against Defendants on June 17, 2024 [Dkt. 17]. The Order enjoined Defendants from using the Roadget copyrights or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marking, advertising, offering for sale, or sale of infringing products. *Id.* ¶ 1. The Order also required that third-party providers freeze Defendants' accounts and provide Defendants' identities and account

information to Roadget. *Id.* ¶¶ 4, 6. Since entry of the TRO, Roadget has received data regarding Defendants, and Defendants have been served electronically with the Complaint and TRO [Dkt. 21].

## ARGUMENT

For the same reasons this Court entered a TRO, the Court should grant a preliminary injunction to stop Defendants from infringing Roadget's copyrights and from dissipating the assets reflecting the fruits of their infringement. The facts have not changed since the entry of the TRO—indeed, the information produced confirms that Defendants are in fact foreign sellers that obscure their identities and profit from infringing Roadget's copyrights—and the legal standard for a preliminary injunction is the same as for a TRO. *See Evergreen Pharmacy, Inc. v. Garland*, 621 F. Supp. 3d 861, 868 (N.D. Ill. 2022). To obtain a preliminary injunction, the moving party must show that (1) it has some likelihood of success on the merits, (2) it will suffer irreparable harm without relief, and (3) it has no adequate remedy at law. *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019). If these requirements are satisfied, the movant must then show that the harm it will suffer without an injunction is greater than the harm to the defendant from an injunction, and that the injunction is in the public interest. *Id.* The Seventh Circuit uses a "sliding scale" approach to its balancing analysis. For example, "the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Here, Roadget is both very likely to succeed on the merits—given Defendants' exact copying—and all but certain to suffer irreparable harm in the absence of injunctive relief. The Court should therefore grant Roadget's motion.

**I.     THE COURT SHOULD ENJOIN DEFENDANTS' INFRINGEMENT OF ROADGET'S COPYRIGHTS AND FREEZE THE ACCOUNTS REFLECTING THE FRUITS OF THEIR INFRINGEMENT.**

**A.     Roadget Will Likely Succeed on the Merits of Its Copyright Infringement Claim.**

Roadget has demonstrated a likelihood to succeed on the merits of its copyright infringement claims by providing evidence of Defendants' wholesale copying of presumptively valid, registered copyrights without a license from Roadget.[1] *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 886 (7th Cir. 2021) ("To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."). Copying may be proven by direct evidence or "inferred 'where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work.'" *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007).

Defendants had access to the Roadget copyrights, since they were publicly displayed in products sold on the SHEIN website and/or mobile application. Chari Decl. to TRO Mot. Ex. 3 [Dkt. 12-4]. Moreover, as indicated by the screenshots already filed with the Court, Defendants have used photographs that are identical to the Roadget copyrights to sell their products. *Id.* Ex. 4 [Dkt. 12-5].

Because Roadget owns the Roadget copyrights, and Defendants are using unauthorized copies of copyrighted photographs to sell products, Roadget has a high likelihood of success on the merits of its copyright infringement claims.

---

[1] Plaintiff Roadget owns all exclusive rights in the Roadget Copyrights, which are registered with the U.S. Copyright Office. Sealed Compl. Ex. 1 [Dkt. 10-2].

### B. Roadget Has No Adequate Remedy at Law and Will Suffer Irreparable Harm Absent Preliminary Relief.

Roadget will suffer irreparable harm without a preliminary injunction because Defendants are foreign sellers that may abscond, dissipate their assets, and simply reopen a new online marketplace under a new alias. Waiting until a final judgment is entered will therefore leave Roadget without any remedy at all. *See Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984) (explaining that a damages award may be inadequate if damages are "unobtainable from the defendant," and that harm that "cannot be prevented or fully rectified by the final judgment after trial" is irreparable); *see also Bushnell, Inc. v. Brunton Co.*, 673 F. Supp. 2d 1241, 1263 (D. Kan. 2009) ("prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"). Unless a preliminary injunction is entered to maintain the status quo, Defendants are likely to withdraw their assets and continue their infringement using a new alias.

### C. The Balance of Harms Favors Roadget, and an Injunction Serves the Public Interest.

The harm caused by Defendants' infringing upon Roadget's Copyrights weighs heavily in favor of granting an injunction compared to any harm Defendants may incur. In the context of copyright infringement, courts generally tip the balancing of harms in favor of the plaintiff if a defendant willfully infringed upon a copyrighted work. Willful infringers act at their own peril by choosing to sell infringing goods—any alleged harm arising out of an injunction would be self-inflicted. *Bulgari, S.p.A. v. P'ships & Unincorporated Ass'ns Identified On Schedule "A,"* No. 14-CV-4819, 2014 WL 3749132, at *6 (N.D. Ill. July 18, 2014), *report and recommendation adopted*, 2014 WL 3765854 (N.D. Ill. July 29, 2014); *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1005–06 (S.D. Fla. 1992). As this Court has pointed out, "[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against

5

continuing infringement destroys the business so elected." *E-Link Tech. Co. v. Shenzhen Uni-Sun Elecs. Co.*, No. 20 C 00247, 2020 WL 8079816, at *3 (N.D. Ill. May 14, 2020) (quoting *Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986)).

Defendants here are willful infringers, and are consequently "entitled to little equitable consideration." *Bulgari*, 2014 WL 3749132, at *6. They profit from knowingly selling clothing that unlawfully bears Roadget's copyrights or in some instances using copyrighted Roadget photographs to sell their products. Regardless of whether the conduct was willful, the harm to Roadget from Defendants' infringement outweighs any harm to Defendants from being ordered to *stop* infringing (and the associated freeze of assets associated with their infringement). They should not be shielded from the inevitable consequences of willful copyright infringement.

An injunction also serves the public's interest in encouraging designers to invest in original creations by preventing Defendants from copying them for profit. *See, e.g.*, *In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634, 665 (N.D. Ill. 2002) ("[T]he public interest is served by upholding copyright protections against those who would seek to misappropriate protected works."), *aff'd*, 334 F.3d 643 (7th Cir. 2003). This fact tips the balance in favor of an injunction.

In similar infringement cases in e-commerce stores, courts in this District have routinely converted temporary restraining orders into preliminary injunctions. *See, e.g.*, *Art Ask Agency v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 1:23-cv-417, [Dkt. 35] (N.D. Ill. May 1, 2023) (unpublished); *Fletcher v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:23-cv-14961 [Dkt. 31] (N.D. Ill. Nov. 22, 2023) (unpublished). By granting a TRO, this Court already acknowledged Roadget's likelihood of success on the merits and the irreparable harm Roadget will suffer without

injunctive relief. For the same reasons, this Court should now extend that injunctive relief for the duration of this case.

## II. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE.

Plaintiff Roadget respectfully requests that the Court issue a preliminary injunction that enjoins Defendants' unlawful use of Roadget's copyrighted works and restrains Defendants' assets.

### A. Defendants Should Be Ordered to Stop Infringing Roadget's Copyrights.

This Court issued a TRO that ordered Defendants to stop infringing Roadget's copyrights. Roadget requests that order be converted to a preliminary injunction so that Defendants are enjoined from using, copying, and distributing Roadget's copyrights in connection with all of their e-commerce stores pending the disposition of this case. Such relief is necessary to stop the ongoing harm to Roadget and to prevent Defendants from continuing to enrich themselves through their unauthorized copying and distribution of the copyrighted works. The relief Roadget seeks is routine in this District. *See*, *e.g.*, *Antsy Labs, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 21 C 3289, 2022 WL 17176498 (N.D. Ill. Nov. 23, 2022); *Banister v. Firestone*, No. 17 C 8940, 2018 WL 4224444 (N.D. Ill. Sept. 5, 2018).

### B. Defendants' Assets Should Remain Frozen.

Roadget requests that Defendants' assets remain frozen as part of the preliminary injunction. Courts may freeze a party's assets pending the outcome of litigation as long as the plaintiff seeks equitable relief, as is the case here. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002). The data provided pursuant to the TRO confirms that Defendants reside in foreign jurisdictions, and it remains all but certain that they hold most of their assets in offshore accounts. Thus, as this Court stated in its June 17, 2024 TRO, without injunctive relief,

"Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts." Sealed TRO [Dkt. 20] at 3. Moreover, the restraint of assets is limited and proportional to the relief sought. Indeed, according to the records provided under the TRO, for at least 7 of the 16 Defendants, the amounts of assets frozen at the time the TRO was put into effect were less than the revenue gained from infringement—some assets had *already* been dissipated. Chari Decl. to PI Mot. ¶ 4 & Ex. 1.

## CONCLUSION

For the foregoing reasons, and consistent with previous cases before this Court, Roadget respectfully requests that this Court enter the preliminary injunction.

Dated: July 8, 2024

Respectfully submitted,

/s/ *Steven J. Horowitz*
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
Taylor J. Wilson
Michael C. Springer-Ingram
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com
taylor.wilson@sidley.com
mspringeringram@sidley.com

*Counsel for Plaintiff*
*Roadget Business Pte. Ltd.*

8