**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | CASE NO. 1:24-cv-4935<br><br>Judge Georgia N. Alexakis |

**DEFENDANTS' OPPOSED MOTION TO SEVER**

NOW COME Defendant Nos. 1, 2, 4, 5, 9, 11, 12, 13, 14, 15, and 16, respectively, Yohad, VolcanoPJ, Happy sleeping, AINK, UNYS, The One Queen, youth in full bloom, TMsyfzc, jin Wang, March th, Shenghong Pajama Clothing Store, and MOKAJUN ("Defendants"), through counsel, and respectfully request the Court dismiss all but the first-named Defendant without prejudice or, alternatively, sever the claims against each Defendant, with the Plaintiff paying appropriate filing fees and posting bond in each severed action.

## BACKGROUND

This case is one of ten nearly-identical Schedule A suits Plaintiff has filed in this District targeting online merchants, mostly for using basic fashion photographs in listings on a third-party marketplace.[1] Plaintiff filed each action under seal, followed immediately by an *ex parte* request for a TRO and asset freeze. Plaintiff alleges that Defendants are advertising, offering for sale, and selling products infringing Plaintiff's copyrights for photographs via online third-party selling platforms. Dkt. No. 1. The Court granted Plaintiff an *ex parte* Temporary Restraining Order on June 17, 2024, Dkt. No. 17. Plaintiff then moved for a preliminary injunction, Dkt. No. 29, and the Temporary Restraining Order was extended until the disposition of the preliminary injunction motion. Dkt. No. 33. Plaintiff filed its First Amended Complaint on August 5, 2024, and its Second Amended Complaint on September 6, 2024 ("SAC"). Dkt. Nos. 72, 81.

In the case at bar, Plaintiff improperly joins **sixteen** unaffiliated defendants, each alleged to have sold products using photographs that infringe one or more of **nineteen** unrelated copyrighted works allegedly owned by Plaintiff. But Plaintiff's indiscriminate misjoinder of unrelated defendants and unrelated copyrights is not all that makes Plaintiff's Schedule A cases

---

[1] No. 23-cv-16262, No. 23-cv-17036, No. 24-cv-115, No. 24-cv-607, No. 24-cv-1174, No. 24-cv-2015, No. 24-cv-2536, No. 24-cv-3139, No. 24-cv-4935, and No. 24-cv-6964.

unique. Since the earliest-filed related case brought by Plaintiff (No. 23-cv-16262), defendants have noted possible deficiencies in Plaintiff's chain-of-title, as well as knowing inaccuracies in applications made to the Copyright Office. *See, e.g.*, Dkt. No. 50 at 7-8 in No. 23-cv-16262 (motion to dismiss); Dkt. Nos. 63, 67, 70, 72, 73 (Section 411(b) referral motion and related filings). Similar doubts exist here, where Plaintiff's proofs regarding "work made for hire" agreements between an unknown photographer and Guangzhou Shein International Import & Export Co. Ltd. are untested. Further, all of Plaintiff's asserted copyrights suffer from the inclusion of inaccurate dates of first publication in their registration applications. *See* Dkt. No. 51, at 5-7 (response to motion for preliminary injunction).

**ARGUMENT**

Rule 20(a)(2) permits joinder only when (A) the claims against the defendants are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (B) there is a question of law or fact common to all defendants. FED. R. CIV. P. 20(a)(2)(A)-(B); *see also Estee Lauder Cosms. Ltd. v. Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020). "When applying Rule 20, a district judge necessarily has considerable discretion . . . However, this discretion is not unlimited as unrelated claims against different defendants belong in different suits." *Roadget Bus. Pte. Ltd. v. Schedule A*, No. 23-cv-17036, 2024 WL 1858592, at *4 (J. Ellis) (ND. Ill. Apr. 29, 2024) (citing *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018)).

The plaintiff must show joinder is proper under Rule 20(a)(2). *Estee Lauder Cosms. Ltd.*, 334 F.R.D at 185; *Art Ask Agency v. Schedule A*, No. 21-cv-06197, 2021 WL 5493226, at *1 (N.D. Ill. Nov. 23, 2021). In assessing whether Rule 20(a)(2) is satisfied, "courts must accept the factual allegations in a plaintiff's complaint as true . . . [but] courts are not required

to accept conclusory or speculative statements that do not qualify as assertion of fact." *Estee Lauder Cosms. Ltd.*, 334 F.R.D at 185 (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (plaintiff must provide more than "labels and conclusions").

Here, Plaintiff has been a serial filer, and Judges Ellis, Durkin, and Bucklo have all found that Plaintiff's joinder of unrelated, similarly-situated merchant defendants accused of infringing different copyrights violated Rule 20. *See Roadget Bus. Pte. Ltd.,* 2024 WL 1858592, at *4 (J. Ellis) ("Roadget's claims against [Defendants] do not arise from the same transaction, occurrence, or series of transactions or occurrences."); *Roadget Bus. Pte. Ltd. v. Schedule A*, No. 24-cv-3139, Dkt. No. 116 at 11 (J. Ellis) ("Roadget's allegations fall short in establishing a logical relationship among the [unaffiliated] Defendants."); *Roadget Bus. Pte. Ltd. v. Schedule A*, No. 24-cv-2536, Dkt. No. 127 (J. Durkin) ("Plaintiff has failed to meet its burden to demonstrate a 'logical relationship' among the moving Defendants."); *Roadget Bus. Pte. Ltd. v. Schedule A*, No. 24-cv-115, Dkt. No. 84 at 8 (J. Bucklo) (finding misjoinder in related Schedule A case brought by Plaintiff). Notably, Judge Ellis dismissed without prejudice all but the first-named defendant in two of these cases. *Roadget Bus. Pte. Ltd.*, 2024 WL 1858592; *Roadget Bus. Pte. Ltd.*, No. 24-cv-3139, Dkt. No. 116. While not precedential, Defendants respectfully submit the reasoning of these decisions applies equally to Plaintiff's hodgepodge of claims at bar, and they should be dismissed without prejudice (or at a minimum, severed) for the same reasons.[2]

---

[2] Judge Jenkins' decision in No. 24-cv-607, Dkt. No. 166, is the only contrary ruling in a related Schedule A case. Defendants respectfully disagree with Judge Jenkins' decision, noting that it conflicts with her earlier ruling and the requirements of Rule 20(a)(2). Initially, Judge Jenkins tentatively granted defendants' motion to sever, while giving Plaintiff an opportunity to remedy the misjoinder under Rules 20(a)(2)(A) and 20(a)(2)(B) by, respectively, (1) incorporating certain arguments from its opposition

**(A) The Claims Against Defendants Are Not Asserted With Respect to or Arising out of the Same Transaction, Occurrence, or Series of Transactions or Occurrences.**

Courts generally find that claims against multiple defendants arise from the same transaction or occurrence only when there is a "logical relationship between the separate causes of action," which occurs when there is a "substantial evidentiary overlap in the facts underlying each cause of action against the defendants." *Estee Lauder Cosms. Ltd.*, 334 F.R.D at 185; *see also In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012). Courts in this District thus consistently find that a plaintiff cannot satisfy Rule 20 "by merely alleging that multiple defendants have infringed the same" intellectual property rights. *See, e.g.*, *Art Ask Agency v. Schedule A,* No. 21-cv-06197, 2021 WL 5493226, at *1 (N.D. Ill. Nov. 23, 2021). That is because independent acts of infringement do not necessarily arise out of the same transaction or occurrence, and there is "no evidentiary overlap in proving that [multiple] defendants are liable for the alleged infringement" absent an affiliation between the defendants." *Id.* at *2 (internal quotations omitted); *cf. Roadget Bus. Pte. Ltd.,* 2024 WL 1858592, at *12 (J. Ellis) ("a logical relationship between defendants exists where defendants are corporately related").

Plaintiff alleges that **sixteen** unaffiliated Defendants infringe **nineteen** different copyrights. Dkt. No. 81 at Schedule A. No two defendants are alleged to have infringed the same copyright, and none of the Defendants are corporately or otherwise related. As the sworn

---

briefing and (2) either adding Temu as a defendant or bringing additional claims against all defendants related to the alleged coordination. No. 24-cv-607, Dkt. No. 131 at 23, 27. Plaintiff failed to amend its complaint to address its deficiencies under Rule 20(a)(2)(B). *See, e.g.*, No. 24-cv-607, Dkt. No. 139-2 (redline of Plaintiff's first amended complaint); Dkt. No. 165 at 2 (defendants' reply noting failure to address requirement of Rule 20(a)(2)(B)). Yet Judge Jenkins' more recent order fails to mention the requirement of Rule 20(a)(2)(B), suggesting it was bypassed. *See* No. 24-cv-607, Dkt. No. 166 (noting sufficiency of the amended complaint as to Rule 20(a)(2)(A) and failing to mention requirement under Rule 20(a)(2)(B)). Moreover, Judge Ellis addressed like allegations by Plaintiff and found they did not satisfy Rule 20(a)(1)(A). *See* No. 24-cv-3139, Dkt. 116 at 13 (J. Ellis) ("no admissible evidence implicates the platform in a grand coordination conspiracy among Defendants.")

declarations of Defendants' principals explain, not a single Defendant is affiliated with another: "[w]e have no affiliation with the platform or other defendant storefront or operator in this case." Merchant Declarations, attached here as Exhibit A, at ¶ 18. Likewise, "[w]e have our own employees and do not share employees with any other defendant storefront or operator involved in this case." *Id.* at ¶ 19. Where (as here) "defendants are not affiliated with one another, there is no evidentiary overlap in proving liability for the alleged infringement," and thus, joinder is improper. *Ilustrata Servicos Design, Ltda. v. Schedule A*, No. 21-cv-05993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021); *see also NFL Properties LLC v. Schedule A*, No. 21-CV-05522, 2021 WL 4963600, at *1 (N.D. Ill. Oct. 26, 2021).

Moreover, courts routinely deny joinder when the commonality alleged is that the defendants utilized the same e-commerce platform. This is because the fact that defendants sold products on the same platform does not support a finding of the "same transaction or occurrence." *See Roadget Bus. Pte. Ltd. v. Schedule A*, No. 23-cv-17036, 2024 WL 1858592, at *6 (J. Ellis) (ND. Ill. Apr. 29, 2024) (addressing "commonality" from listings on same e-commerce platform and finding no evidentiary overlap to support a similar transaction or occurrence: "Courts in this district generally agree that alleging that multiple defendants have infringed on the same copyright in the *same way* does not create the substantial evidentiary overlap required to find a similar transaction or occurrence") (emphasis added); *Tapestry, Inc. v. Schedule A*, No. 19-CV-6212, 2019 WL 13252513, at *1 (C.D. Cal. July 19, 2019) (finding improper joinder of claims against merchants on eBay selling products bearing plaintiff's marks). In fact, not even the "shar[ing] of unique identifiers, such as design elements and similarities of…products" will suggest a logical relationship between defendants supporting

5

joinder. *Ilustrata Servicos Design, Ltda.*, No. 21-CV-05993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021).

Nor does Plaintiff's allegation that Defendants are part of "a broader campaign of widespread infringement by Temu sellers targeting Roadget's *SHEIN brand*", SAC ¶ 16 (emphasis added), support a finding of the "same transaction or occurrence." To begin, this claim is purely conclusory and lacks the necessary factual specificity to be credited in the Court's severance analysis. It should thus be rejected. Also problematic is that Plaintiff's claims are "of distinct infringement of various copyrights, not a single, well-known trademark." *Roadget Bus. Pte. Ltd.*, No. 24-cv-115, Dkt. No. 84 at 8 (J. Bucklo) (finding misjoinder in Plaintiff's related Schedule A case). Plaintiff's ploy to muddle the issues by conflating copyright and trademark infringement fails. Further, Judge Durkin ruled against Plaintiff, finding misjoinder in a Schedule A case with *identical* allegations and emphasizing that "Plaintiff has failed to meet its burden to demonstrate a 'logical relationship' among the moving Defendants." *Roadget Bus. Pte. Ltd.*, No. 24-cv-2536, Dkt. No 127. As did Judge Ellis in yet another of Plaintiff's cases, dismissing all but the first-named defendants. *Roadget Bus. Pte. Ltd. v. Schedule A*, No. 24-cv-3139, Dkt. No. 116 at 13 ("Roadget's complaint here is that many different defendants sold many different products that infringed on many different designs. Instead of being a "swarm" of infringers, Defendants here appear to largely fly solo."). These rulings are a blueprint for severance here. Plaintiff's remaining allegations likewise cannot justify joinder.

First, Plaintiff's assertion that Temu exerts considerable control over the sellers on its platform is conclusory and lacks factual support. *See Roadget Bus. Pte. Ltd. v. Schedule A*, No. 24-cv-3139, Dkt. 116 at 13 (J. Ellis) ("Roadget directs much of its fire against Temu, . . .

6

claiming that it provides Defendants with a 'degree of coordination [] unlike other online e-commerce websites'. . . [and] targets Defendants' near-unanimous choice of counsel and their boilerplate declarations . . . but no admissible evidence implicates the platform in a grand coordination conspiracy among Defendants."); *MAIBO (shenzhen) ke ji you xian gong si, v. WHALECO, INC. et al.*, 23-cv-2793, 2024 WL 1859730, at *4 (N.D. Ill. Apr. 29, 2024) (claim dismissed because plaintiff's allegations of Temu's sale, importation, distribution, and transportation of goods "is littered with legal conclusions couched as factual allegations."). Moreover, it is simply untrue. *See* Ex. A, at ¶ 18 ("[w]e operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.")

Second, a claim of Temu's coordination with Defendants would still be insufficient to satisfy Rule 20's "same transaction or occurrence" requirement. In *Grooms v. Tencza*, the Court made clear that without specific factual allegations showing a connection between the defendants' actions, mere allegations of a common scheme or similar conduct are insufficient to support joinder under Rule 20(a)(2)(A). *Grooms v. Tencza*, 09 C 3631, 2010 WL 1489983, at *3 (N.D. Ill. Apr. 13, 2010). In *United States v. Seher*, the Eleventh Circuit emphasized that when defendants interact with a central party but act independently and have no knowledge of or connection with each other's actions, their conduct is not a single transaction or occurrence—but rather separate and independent instances of similar conduct. *United States v. Seher*, 562 F.3d 1344, 1365 (11th Cir. 2009); *see also Tang v. Schedule A,* No. 23 C 4587, 2024 WL 68332, at *3 (N.D. Ill. Jan. 4, 2024) ("instances of infringement by distinct competitors" do not support joinder). Likewise, in *United States v. Sullivan*, a district court underscored that to support the

7

joinder of defendants, there must be evidence of coordination or interaction among the defendants, not just between each defendant and a central party. *United States v. Sullivan*, No. 218CR02723, 2018 WL 5113957, at *3 (S.D. Ohio Oct. 19, 2018). The instant Plaintiff fails to allege any communication or interaction among Defendants, fatal under Rule 20. *See also* Ex. B, at ¶ 6 ("[w]e do not coordinate with the platform or any other defendant storefront or operator, and we independently determine what content to display for our products.")

**(B)    No Common Question of Fact or Law Exists.**

In *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), the Supreme Court held that a "common question" is one where "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350. Joinder is therefore inappropriate where different products are involved. *Cf. In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). Because Plaintiff alleges that each Defendant infringed a distinct and non-overlapping copyright, questions of copyright validity, copyright ownership, and the infringement analyses in this case will be discrete and non-overlapping for each Defendant. *H-D U.S.A. v. Schedule A*, No. 21-CV-01041, 2021 WL 780486, at *3 (N.D. Ill. Mar. 1, 2021) (finding improper joinder because "not all the defendants used and sold the same trademarked images"). For example, Plaintiff will have to establish chain of title for *each* copyright—first from the original artist to Guangzhou Shein International Import & Export Co. Ltd. (the author on the registrations) through a work for hire agreement, then to Plaintiff through an appropriate agreement. Issues of derivation will also be unique to each copyright. And finally, issues related to incorrect dates of first publication will be different for each copyright. *See* Dkt. No. 51, at 5-7; Dkt. No. 81 at ¶ 13 (VA 2-404-120, with publication date of February 7, 2024 and source code showing online on December 6, 2023). Defendants believe discovery will reveal that many of Plaintiff's asserted copyrights do not rightfully belong to Plaintiff.

Nor does Plaintiff's allegation that Temu exercises certain control over Defendants support a finding of common question of fact or law, as it does not implicate Plaintiff's individual copyright infringement claims or the defenses raised by each Defendant. *See* No. 24-cv-115, Dkt. No. 84 at 7 (J. Bucklo) ("Though evidence against multiple defendants will come from Temu, the evidence itself--from the infringing product listings to the sales and profit data--will be largely unique to each defendant.").

For these reasons, Defendants respectfully request this Court dismiss without prejudice all but the first-named defendant. *See* 2024 WL 1858592 (J. Ellis) (dismissing without prejudice all but first-named defendant in a related Schedule A case brought by Plaintiff); No. 24-cv-3139, Dkt. No. 116 at 13 (J. Ellis) (same) ("sever[ing] them into separate cases . . . would allow Roadget to obtain a windfall by dodging filing fees in eighteen cases that it should have brought separately against the vendors that it improperly joined here."); *Art Ask Agency*, 2021 WL 5493226, at *2 (court has broad discretion to remedy misjoinder). Alternatively, at a minimum, severance is warranted, and Plaintiff should be required to pay filing fees and post bond of at least $10,000 in each individual case.[3] *See, e.g., Roadget Bus. Pte. Ltd.*, No. 24-cv-2536, Dkt. No. 127 (J. Durkin) (severing Plaintiff's claims in a related Schedule A case brought by Plaintiff); *Roadget Bus. Pte. Ltd.*, No. 24-cv-115, Dkt. No. 127 (J. Bucklo) (same).

---

[3] Plaintiff's $10,000 bond for 16 defendants amounts to just a few hundred dollars for each Defendant, a clearly-inadequate assurance against an improper injunction. The Seventh Circuit instructs that courts "err on the high side" when setting bond because "the damages for an erroneous preliminary injunction cannot exceed the amount of the bond." *Johnson & Johnson v. Advanced Inventory Mgmt., Inc.*, No. 20-CV-3471, 2020 WL 6119516, at *18 (N.D. Ill. Oct. 16, 2020). A low bond "produces irreparable injury." *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010). While Defendants request dismissal, if the Court opts instead for severance, then Defendants request that bond in their severed cases be set to compensate each individual case and protect each individual Defendant: at least $10,000 per defendant. *See E-Link Tech. Co. v. Shenzhen Uni-Sun Elecs. Co.*, No. 20-cv-00247, 2020 WL 8079816, at *4 (N.D. Ill. May 14, 2020) (increasing $10,000 bond to match the defendant's annual sales of the accused product once the sales data was known); *Johnson & Johnson*, 2020 WL 6119516 (increasing a $50,000 bond to match the defendant's lost profits).

## CONCLUSION

For the foregoing reasons, the Defendants request that all but the first-named Defendant be dismissed without prejudice or, alternatively, severed, with the Plaintiff paying appropriate filing fees and posting bond in each severed action.

September 12, 2024						Respectfully submitted,


						s/ Christopher Keleher
						Christopher Keleher
						The Keleher Appellate Law Group, LLC
						1 East Erie St., Suite 525
						Chicago, IL 60611
						312-448-8491
						ckeleher@appellatelawgroup.com

						Lan Li
						Anchor Law LLC
						1 E Erie St, Suite 525
						Chicago, IL 60611
						(312) 718-6573
						lan.li@anchorlawllc.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies on September 12, 2024 that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record.

    Respectfully submitted,

    s/ Christopher Keleher
    Christopher Keleher
    The Keleher Appellate Law Group, LLC
    1 East Erie St., Suite 525
    Chicago, IL 60611
    312-448-8491
    ckeleher@appellatelawgroup.com