### DECLARATION OF Feipeng LUO

I, Feipeng Luo, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am a resident of the People's Republic of China and I am over the age of 18.

2. I am the legal representative of Yiwu Ranchuang Trading Co., Ltd., which operates an on-line storefront on the platform TEMU.com. The name of our on-line storefront is "Yohad", which is identified as Defendant 1 on Schedule A to Plaintiff's Complaint.

3. I am the operator and principal of this storefront.

4. I have personal knowledge of and I am competent to testify about the facts set forth herein.

5. All storefront's sales are conducted through TEMU.com.

6. We have a physical office located in Zhejiang Province, People's Republic of China, and we have disclosed our entity name and physical address on TEMU.com.

7. We are not registered to do business in Illinois.

8. We have no regular and established place of business in Illinois.

9. We do not maintain any offices, employees, or telephone listings in Illinois.

10. We have no manufacturing facility or distribution facility in Illinois.

11. We do not pay taxes or maintain any bank accounts in Illinois and do not participate in any business meetings, seminars, or other marketing related activities in Illinois.

12. We have no employees who visit Illinois for business purposes, and do not send agents in Illinois to solicit business.

13. We do not own any real or personal property in Illinois.

14. None of our potential witnesses are located in Illinois.

1

15. It would be extremely burdensome and expensive for us to litigate this case in Illinois because none of our witnesses or documents are located in this District.

16. We operate in the aggregate of [7] storefronts on Temu.com, including the accused storefront. The combined amount frozen in the storefronts' accounts in this case is $538.77 as of June 22, 2024. The frozen scope not only contains revenue from the accused items, but also includes all sales revenue for all items from the accused storefront and all other affiliated storefronts. Moreover, any subsequent revenue that is not relevant to this case will be frozen and cannot be withdrawn.

17. The amount of sales related to the accused items is $31,118.22. The three accused items were first published on TEMU.com on May 30, 2023, June 27, 2023 and June 27, 2023, respectively, and were taken down prior to the TRO on June 3, 2024.

18. We operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.

19. We have our own employees and do not share employees with any other defendant storefront or operator involved in this case.

20. The freezing of our storefronts' accounts has significantly and negatively impacted our ability to run our business.

21. Freezing an equal amount of asset to the sales amount, and releasing the remaining funds will enable us to continue the operation of our business.

Executed on: _2024.7.6_      _Luo fei peng_

BY: Feipeng Luo

2

**DECLARATION OF CONGYAN ZHU**

I, Congyan Zhu, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1.  I am a resident of the People's Republic of China and I am over the age of 18.

2.  I am the operator of Shenzhen Baoan District Shunyi Clothing Factory (individual industrial and commercial household), which operates an on-line storefront on the platform TEMU.com. The name of our on-line storefront is "VolcanoPJ", which is identified as Defendant 2 on Schedule A to Plaintiff's Complaint.

3.  I am the operator and principal of this storefront.

4.  I have personal knowledge of and I am competent to testify about the facts set forth herein.

5.  All storefront's sales are conducted through TEMU.com.

6.  We have a physical office located in Guangdong Province, People's Republic of China, and we have disclosed our entity name and physical address on TEMU.com.

7.  We are not registered to do business in Illinois.

8.  We have no regular and established place of business in Illinois.

9.  We do not maintain any offices, employees, or telephone listings in Illinois.

10. We have no manufacturing facility or distribution facility in Illinois.

11. We do not pay taxes or maintain any bank accounts in Illinois and do not participate in any business meetings, seminars, or other marketing related activities in Illinois.

12. We have no employees who visit Illinois for business purposes, and do not send agents in Illinois to solicit business.

13. We do not own any real or personal property in Illinois.

1

14. None of our potential witnesses are located in Illinois.

15. It would be extremely burdensome and expensive for us to litigate this case in Illinois because none of our witnesses or documents are located in this District.

16. We operate in the aggregate of [5] storefronts on Temu.com, including the accused storefront. The combined amount frozen in the storefronts' accounts in this case is $25,781.70 as of June 22, 2024. The frozen amount not only contains revenue from the accused item, but also includes all sales revenue for all items from the accused storefront and all other affiliated storefronts. Moreover, any subsequent revenue that is not relevant to this case will be frozen and cannot be withdrawn.

17. The amount of sales related to the accused item is $3,478.81. The accused item was first published on TEMU.com on March 14, 2024, and was taken down after the TRO.

18. We operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.

19. We have our own employees and do not share employees with any other defendant storefront or operator involved in this case.

20. The freezing of our storefronts' accounts has significantly and negatively impacted our ability to run our business.

21. Freezing an equal amount of asset to the sales amount, and releasing the remaining funds will enable us to continue the operation of our business.

Executed on: _2024. 7. 06_        _Congyan Zhu_

BY: Congyan Zhu

2

## DECLARATION OF QIMENG XU

I, Qimeng Xu, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am a resident of the People's Republic of China and I am over the age of 18.

2. I am the operator of Shenzhen Luohu District Ou Shangmei Clothing Store, which operates an on-line storefront on the platform TEMU.com. The name of our on-line storefront is "Happy sleeping", which is identified as Defendant 4 on Schedule A to Plaintiff's Complaint.

3. I am the operator and principal of this storefront.

4. I have personal knowledge of and I am competent to testify about the facts set forth herein.

5. All storefront's sales are conducted through TEMU.com.

6. We have a physical office located in Guangdong Province, People's Republic of China, and we have disclosed our entity name and physical address on TEMU.com.

7. We are not registered to do business in Illinois.

8. We have no regular and established place of business in Illinois.

9. We do not maintain any offices, employees, or telephone listings in Illinois.

10. We have no manufacturing facility or distribution facility in Illinois.

11. We do not pay taxes or maintain any bank accounts in Illinois and do not participate in any business meetings, seminars, or other marketing related activities in Illinois.

12. We have no employees who visit Illinois for business purposes, and do not send agents in Illinois to solicit business.

13. We do not own any real or personal property in Illinois.

14. None of our potential witnesses are located in Illinois.

1

15. It would be extremely burdensome and expensive for us to litigate this case in Illinois because none of our witnesses or documents are located in this District.

16. We operate in the aggregate of [2] storefronts on Temu.com, including the accused storefront. The combined amount frozen in the storefronts' accounts in this case is $2,893.25 as of June 22, 2024. The frozen amount not only contains revenue from the accused item, but also includes all sales revenue for all items from the accused storefront and all other affiliated storefronts. Moreover, any subsequent revenue that is not relevant to this case will be frozen and cannot be withdrawn.

17. The amount of sales related to the accused item is $1,049.53. The accused item was first published on TEMU.com on March 18, 2024, and was taken down after the TRO.

18. We operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.

19. We have our own employees and do not share employees with any other defendant storefront or operator involved in this case.

20. The freezing of our storefronts' accounts has significantly and negatively impacted our ability to run our business.

21. Freezing an equal amount of asset to the sales amount, and releasing the remaining funds will enable us to continue the operation of our business.

Executed on: _2024 . 7 . 6_       _aimeng Xu_

BY: Qimeng Xu

2

## DECLARATION OF NA LIU

I, Na Liu, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am a resident of the People's Republic of China and I am over the age of 18.

2. I am the operator of Guangzhou Aoxiang Clothing Factory, which operates an on-line storefront on the platform TEMU.com. The name of our on-line storefront is "AINK", which is identified as Defendant 5 on Schedule A to Plaintiff's Complaint.

3. I am the operator and principal of this storefront.

4. I have personal knowledge of and I am competent to testify about the facts set forth herein.

5. All storefront's sales are conducted through TEMU.com.

6. We have a physical office located in Guangdong Province, People's Republic of China, and we have disclosed our entity name and physical address on TEMU.com.

7. We are not registered to do business in Illinois.

8. We have no regular and established place of business in Illinois.

9. We do not maintain any offices, employees, or telephone listings in Illinois.

10. We have no manufacturing facility or distribution facility in Illinois.

11. We do not pay taxes or maintain any bank accounts in Illinois and do not participate in any business meetings, seminars, or other marketing related activities in Illinois.

12. We have no employees who visit Illinois for business purposes, and do not send agents in Illinois to solicit business.

13. We do not own any real or personal property in Illinois.

14. None of our potential witnesses are located in Illinois.

15. It would be extremely burdensome and expensive for us to litigate this case in Illinois because none of our witnesses or documents are located in this District.

16. We operate in the aggregate of [2] storefronts on Temu.com, including the accused storefront. The combined amount frozen in the storefronts' accounts in this case is $3,677.1 as of June 22, 2024. The frozen amount not only contains revenue from the accused item, but also includes all sales revenue for all items from the accused storefront and all other affiliated storefronts. Moreover, any subsequent revenue that is not relevant to this case will be frozen and cannot be withdrawn.

17. The amount of sales related to the accused item is $1,410.09. The accused item was first published on TEMU.com on March 13, 2024, and was taken down after the TRO.

18. We operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.

19. We have our own employees and do not share employees with any other defendant storefront or operator involved in this case.

20. The freezing of our storefronts' accounts has significantly and negatively impacted our ability to run our business.

21. Freezing an equal amount of asset to the sales amount, and releasing the remaining funds will enable us to continue the operation of our business.

Executed on: 2024.7.7                    Na Liu

BY: Na Liu

2

### DECLARATION OF XIAOLI WU

I, Xiaoli Wu, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am a resident of the People's Republic of China and I am over the age of 18.

2. I am the legal representative of Guangzhou Yisi Clothing Co., Ltd., which operates an on-line storefront on the platform TEMU.com. The name of our on-line storefront is "UNYS", which is identified as Defendant 9 on Schedule A to Plaintiff's Complaint.

3. I am the operator and principal of this storefront.

4. I have personal knowledge of and I am competent to testify about the facts set forth herein.

5. All storefront's sales are conducted through TEMU.com.

6. We have a physical office located in Guangdong Province, People's Republic of China, and we have disclosed our entity name and physical address on TEMU.com.

7. We are not registered to do business in Illinois.

8. We have no regular and established place of business in Illinois.

9. We do not maintain any offices, employees, or telephone listings in Illinois.

10. We have no manufacturing facility or distribution facility in Illinois.

11. We do not pay taxes or maintain any bank accounts in Illinois and do not participate in any business meetings, seminars, or other marketing related activities in Illinois.

12. We have no employees who visit Illinois for business purposes, and do not send agents in Illinois to solicit business.

13. We do not own any real or personal property in Illinois.

14. None of our potential witnesses are located in Illinois.

1

15. It would be extremely burdensome and expensive for us to litigate this case in Illinois because none of our witnesses or documents are located in this District.

16. We operate in the aggregate of [10] storefronts on Temu.com, including the accused storefront. The combined amount frozen in the storefronts' accounts in this case is $175,474.24 as of June 22, 2024. The frozen amount not only contains revenue from the accused item, but also includes all sales revenue for all items from the accused storefront and all other affiliated storefronts. Moreover, any subsequent revenue that is not relevant to this case will be frozen and cannot be withdrawn.

17. The amount of sales related to the accused item is $2,287.67. The accused item was first published on TEMU.com on January 08, 2024, and was taken down after the TRO.

18. We operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.

19. We have our own employees and do not share employees with any other defendant storefront or operator involved in this case.

20. The freezing of our storefronts' accounts has significantly and negatively impacted our ability to run our business.

21. fFreezing an equal amount of asset to the sales amount, and releasing the remaining funds will enable us to continue the operation of our business.

Executed on: _Xiaoli Wu_        _2024. 7. 6_

BY: Xiaoli Wu

## DECLARATION OF JUN ZHOU

I, Jun Zhou, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1.  I am a resident of the People's Republic of China and I am over the age of 18.

2.  I am the operator of Guangzhou Yifeimeng Clothing Store, which operates an on-line storefront on the platform TEMU.com. The name of our on-line storefront is "The One Queen", which is identified as Defendant 11 on Schedule A to Plaintiff's Complaint.

3.  I am the operator and principal of this storefront.

4.  I have personal knowledge of and I am competent to testify about the facts set forth herein.

5.  All storefront's sales are conducted through TEMU.com.

6.  We have a physical office located in Guangdong Province, People's Republic of China, and we have disclosed our entity name and physical address on TEMU.com.

7.  We are not registered to do business in Illinois.

8.  We have no regular and established place of business in Illinois.

9.  We do not maintain any offices, employees, or telephone listings in Illinois.

10. We have no manufacturing facility or distribution facility in Illinois.

11. We do not pay taxes or maintain any bank accounts in Illinois and do not participate in any business meetings, seminars, or other marketing related activities in Illinois.

12. We have no employees who visit Illinois for business purposes, and do not send agents in Illinois to solicit business.

13. We do not own any real or personal property in Illinois.

14. None of our potential witnesses are located in Illinois.

1

15. It would be extremely burdensome and expensive for us to litigate this case in Illinois because none of our witnesses or documents are located in this District.

16. We operate in the aggregate of [3] storefronts on Temu.com, including the accused storefront. The combined amount frozen in the storefronts' accounts in this case is $9,378.07 as of June 22, 2024. The frozen amount not only contains revenue from the accused item, but also includes all sales revenue for all items from the accused storefront and all other affiliated storefronts. Moreover, any subsequent revenue that is not relevant to this case will be frozen and cannot be withdrawn.

17. The amount of sales related to the accused item is $638.2. The accused item was first published on TEMU.com on February 25, 2024, and was taken down after the TRO.

18. We operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.

19. We have our own employees and do not share employees with any other defendant storefront or operator involved in this case.

20. The freezing of our storefronts' accounts has significantly and negatively impacted our ability to run our business.

21. Freezing an equal amount of asset to the sales amount, and releasing the remaining funds will enable us to continue the operation of our business.

Executed on: _2024.7.6_          _Jun Zhou_

BY: Jun Zhou

**DECLARATION OF SHAOBING LI**

I, Shaobing Li, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am a resident of the People's Republic of China and I am over the age of 18.

2. I am the operator of Tianmen Shaoyin Garment Factory, which operates an on-line storefront on the platform TEMU.com. The name of our on-line storefront is "TMsyfzc", which is identified as Defendant 12 on Schedule A to Plaintiff's Complaint.

3. I am the operator and principal of this storefront.

4. I have personal knowledge of and I am competent to testify about the facts set forth herein.

5. All storefront's sales are conducted through TEMU.com.

6. We have a physical office located in Hubei Province, People's Republic of China, and we have disclosed our entity name and physical address on TEMU.com.

7. We are not registered to do business in Illinois.

8. We have no regular and established place of business in Illinois.

9. We do not maintain any offices, employees, or telephone listings in Illinois.

10. We have no manufacturing facility or distribution facility in Illinois.

11. We do not pay taxes or maintain any bank accounts in Illinois and do not participate in any business meetings, seminars, or other marketing related activities in Illinois.

12. We have no employees who visit Illinois for business purposes, and do not send agents in Illinois to solicit business.

13. We do not own any real or personal property in Illinois.

14. None of our potential witnesses are located in Illinois.

1

15. It would be extremely burdensome and expensive for us to litigate this case in Illinois because none of our witnesses or documents are located in this District.

16. We operate in the aggregate of [9] storefronts on Temu.com, including the accused storefront. The combined amount frozen in the storefronts' accounts in this case is $4,099.64 as of June 22, 2024. The frozen amount not only contains revenue from the accused item, but also includes all sales revenue for all items from the accused storefront and all other affiliated storefronts. Moreover, any subsequent revenue that is not relevant to this case will be frozen and cannot be withdrawn.

17. The amount of sales related to the accused item is $453.93. The accused item was first published on TEMU.com on March 17, 2024, and was taken down after the TRO.

18. We operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.

19. We have our own employees and do not share employees with any other defendant storefront or operator involved in this case.

20. The freezing of our storefronts' accounts has significantly and negatively impacted our ability to run our business.

21. Freezing an equal amount of asset to the sales amount, and releasing the remaining funds will enable us to continue the operation of our business.

Executed on: _____2024 . 7 . 6_____        _____Shaobing Li_____

BY: Shaobing Li

2

## DECLARATION OF SHILING WANG

I, Shiling Wang, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am a resident of the People's Republic of China and I am over the age of 18.

2. I am the operator of an on-line storefront on TEMU.com, "jin Wang", which is identified as Defendant 13 on Schedule A to Plaintiff's Complaint.

3. I am the operator and principal of this storefront.

4. I have personal knowledge of and I am competent to testify about the facts set forth herein.

5. All storefront's sales are conducted through TEMU.com.

6. I have a physical office located in Guangdong Province, People's Republic of China, and the Plaintiff can contact me via on-line storefront.

7. I am not registered to do business in Illinois.

8. I have no regular and established place of business in Illinois.

9. I do not maintain any offices, employees, or telephone listings in Illinois.

10. I have no manufacturing facility or distribution facility in Illinois.

11. I do not pay taxes or maintain any bank accounts in Illinois and do not participate in any business meetings, seminars, or other marketing related activities in Illinois.

12. I have no employees who visit Illinois for business purposes, and do not send agents in Illinois to solicit business.

13. I do not own any real or personal property in Illinois.

14. None of my potential witnesses are located in Illinois.

15. It would be extremely burdensome and expensive for me to litigate this case in Illinois because

1

none of my witnesses or documents are located in this District.

16. The accused storefront is the only one I operate on Temu.com. The amount frozen in the storefront's account in this case is $306.04 as of June 22, 2024. The frozen scope not only contains revenue from the accused item, but also includes all sales revenue for all items from the accused storefront. Moreover, any subsequent revenue that is not relevant to this case will be frozen and cannot be withdrawn.

17. The amount of sales related to the accused item is $940.73. The accused item was first published on TEMU.com on February 01, 2024, and was taken down after the TRO.

18. We operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.

19. I have my own employees and do not share employees with any other defendant storefront or operator involved in this case.

20. The freezing of my storefront's account has significantly and negatively impacted my ability to run my business.

21. Freezing an equal amount of asset to the sales amount, and releasing the remaining funds will enable me to continue the operation of my business.

Executed on: _Shiling Wang_        _2024. 7. 6_

BY: Shiling Wang

2

### DECLARATION OF HENGJUN WANG

I, Hengjun Wang, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am a resident of the People's Republic of China and I am over the age of 18.

2. I am the legal representative of Guangzhou Sanmu Cross-sea Clothing Trading Co., Ltd., which operates an on-line storefront on the platform TEMU.com. The name of our on-line storefront is "March th", which is identified as Defendant 14 on Schedule A to Plaintiff's Complaint.

3. I am the operator and principal of this storefront.

4. I have personal knowledge of and I am competent to testify about the facts set forth herein.

5. All storefront's sales are conducted through TEMU.com.

6. We have a physical office located in Guangdong Province, People's Republic of China, and we have disclosed our entity name and physical address on TEMU.com.

7. We are not registered to do business in Illinois.

8. We have no regular and established place of business in Illinois.

9. We do not maintain any offices, employees, or telephone listings in Illinois.

10. We have no manufacturing facility or distribution facility in Illinois.

11. We do not pay taxes or maintain any bank accounts in Illinois and do not participate in any business meetings, seminars, or other marketing related activities in Illinois.

12. We have no employees who visit Illinois for business purposes, and do not send agents in Illinois to solicit business.

13. We do not own any real or personal property in Illinois.

14. None of our potential witnesses are located in Illinois.

1

15. It would be extremely burdensome and expensive for us to litigate this case in Illinois because none of our witnesses or documents are located in this District.

16. We operate in the aggregate of [6] storefronts on Temu.com, including the accused storefront. The combined amount frozen in the storefronts' accounts in this case is $5,436.24 as of June 22, 2024. The frozen amount not only contains revenue from the accused item, but also includes all sales revenue for all items from the accused storefront and all other affiliated storefronts. Moreover, any subsequent revenue that is not relevant to this case will be frozen and cannot be withdrawn.

17. The amount of sales related to the accused item is $3,097.17. The accused item was first published on TEMU.com on March 13, 2024, and was taken down after the TRO.

18. We operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.

19. We have our own employees and do not share employees with any other defendant storefront or operator involved in this case.

20. The freezing of our storefronts' accounts has significantly and negatively impacted our ability to run our business.

21. Freezing an equal amount of asset to the sales amount, and releasing the remaining funds will enable us to continue the operation of our business.

Executed on: ___2024. 7. 6___          ___Hengjun Wang___

BY: Hengjun Wang

## DECLARATION OF YULUO ZHANG

I, Yuluo Zhang, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am a resident of the People's Republic of China and I am over the age of 18.

2. I am the legal representative of Guangzhou Shenghong Garment Co., Ltd., which operates an on-line storefront on the platform TEMU.com. The name of our on-line storefront is "Shenghong Pajama Clothing Store", which is identified as Defendant 15 on Schedule A to Plaintiff's Complaint.

3. I am the operator and principal of this storefront.

4. I have personal knowledge of and I am competent to testify about the facts set forth herein.

5. All storefront's sales are conducted through TEMU.com.

6. We have a physical office located in Guangdong Province, People's Republic of China, and we have disclosed our entity name and physical address on TEMU.com.

7. We are not registered to do business in Illinois.

8. We have no regular and established place of business in Illinois.

9. We do not maintain any offices, employees, or telephone listings in Illinois.

10. We have no manufacturing facility or distribution facility in Illinois.

11. We do not pay taxes or maintain any bank accounts in Illinois and do not participate in any business meetings, seminars, or other marketing related activities in Illinois.

12. We have no employees who visit Illinois for business purposes, and do not send agents in Illinois to solicit business.

13. We do not own any real or personal property in Illinois.

1

14. None of our potential witnesses are located in Illinois.

15. It would be extremely burdensome and expensive for us to litigate this case in Illinois because none of our witnesses or documents are located in this District.

16. We operate in the aggregate of [3] storefronts on Temu.com, including the accused storefront. The combined amount frozen in the storefronts' accounts in this case is $6,023.18 as of June 22, 2024. The frozen scope not only contains revenue from the accused item, but also includes all sales revenue for all items from the accused storefront and all other affiliated storefronts. Moreover, any subsequent revenue that is not relevant to this case will be frozen and cannot be withdrawn.

17. The amount of sales related to the accused item is $8,452.81. The accused item was first published on TEMU.com on March 21, 2024, and was taken down after the TRO.

18. We operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.

19. We have our own employees and do not share employees with any other defendant storefront or operator involved in this case.

20. The freezing of our storefronts' accounts has significantly and negatively impacted our ability to run our business.

21. Freezing an equal amount of asset to the sales amount, and releasing the remaining funds will enable us to continue the operation of our business.

Executed on: 2024.7.6          Yuluo zhang

BY: Yuluo Zhang

2

## DECLARATION OF ZIXUE GUO

I, Zixue Guo, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1.  I am a resident of the People's Republic of China and I am over the age of 18.

2.  I am the operator of Hanchuan Mokajun Clothing Store, which operates an on-line storefront on the platform TEMU.com. The name of our on-line storefront is "MOKAJUN", which is identified as Defendant 16 on Schedule A to Plaintiff's Complaint.

3.  I am the operator and principal of this storefront.

4.  I have personal knowledge of and I am competent to testify about the facts set forth herein.

5.  All storefront's sales are conducted through TEMU.com.

6.  We have a physical office located in Hubei Province, People's Republic of China, and we have disclosed our entity name and physical address on TEMU.com.

7.  We are not registered to do business in Illinois.

8.  We have no regular and established place of business in Illinois.

9.  We do not maintain any offices, employees, or telephone listings in Illinois.

10. We have no manufacturing facility or distribution facility in Illinois.

11. We do not pay taxes or maintain any bank accounts in Illinois and do not participate in any business meetings, seminars, or other marketing related activities in Illinois.

12. We have no employees who visit Illinois for business purposes, and do not send agents in Illinois to solicit business.

13. We do not own any real or personal property in Illinois.

14. None of our potential witnesses are located in Illinois.

1

15. It would be extremely burdensome and expensive for us to litigate this case in Illinois because none of our witnesses or documents are located in this District.

16. The accused storefront is the only one I operate on Temu.com. The amount frozen in the storefront' account in this case is $5,786.63 as of June 22, 2024. The frozen amount not only contains revenue from the accused item, but also includes all sales revenue for all items from the accused storefront. Moreover, any subsequent revenue that is not relevant to this case will be frozen and cannot be withdrawn.

17. The amount of sales related to the accused item is $1,515.13. The accused item was first published on TEMU.com on March 24, 2024, and was taken down after the TRO.

18. We operate our storefront independently, making our own decisions regarding the marketing, product descriptions, and pricing of the accused items. We have no affiliation with the platform or other defendant storefront or operator in this case.

19. We have our own employees and do not share employees with any other defendant storefront or operator involved in this case.

20. The freezing of our storefront' account has significantly and negatively impacted our ability to run our business.

21. Freezing an equal amount of asset to the sales amount, and releasing the remaining funds will enable us to continue the operation of our business.

Executed on: 2024. 7. 6          Zixue Guo

BY: Zixue Guo

2