# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | **CASE NO. 1:24-cv-4935** <br><br> Judge Georgia N. Alexakis |

**DEFENDANT YIWU RANCHUANG TRADING CO., LTD.'S**

**ANSWER TO SECOND AMENDED COMPLAINT**

NOW COMES Defendant Yiwu Ranchuang Trading Co., Ltd. d/b/a Yohad (Defendant No. 1) by and through its attorneys, The Keleher Appellate Law Group LLC, and in answer to Plaintiff's Second Amended Complaint ("Complaint") states as follows:

## INTRODUCTION

1. Plaintiff Roadget owns the enormously popular SHEIN online fashion and lifestyle retailer. (*See* http://us.shein.com/.) SHEIN's affordable clothes and original designs have taken the Internet by storm—and inspired many copycats on e-commerce platforms. Defendants are online sellers operating under one or more seller aliases that are advertising, offering for sale, and selling

clothing using SHEIN's original, copyrighted works. They may be using more than one alias at a time to conceal their identities and the full scope of their operation.

ANSWER: Defendant admits that it is an online seller and denies the remaining allegations in Paragraph 1 of the Complaint.

2. Roadget is forced to file this action to combat Defendants' infringement of its copyrighted works and to protect unknowing consumers from purchasing unauthorized products over the Internet. Roadget has been irreparably damaged by Defendants' infringement and seeks injunctive and monetary relief.

ANSWER: Paragraph 2 contains legal conclusions and argument rather than well-pled averments of fact; thus, Defendant is not required to answer. Otherwise, Defendant denies.

## THE PARTIES

3. Plaintiff Roadget Business Pte. Ltd. is a private limited company with its principal place of business in Singapore. Roadget owns the famous SHEIN trademark and online fashion and lifestyle retailer.

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint and thus denies them.

4. Defendants are business entities who reside mainly in foreign jurisdictions. Defendants operate e-commerce stores under the seller aliases identified on Schedule A and/or other aliases. Defendants conduct business in the United States and have sold products to United States consumers, including in Illinois and this judicial district.

ANSWER: Paragraph 4 contains legal conclusions and argument rather than well-pled averments of fact; thus, Defendant is not required to answer. Otherwise, Defendant denies.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States.

ANSWER: Admit.

6. This Court has personal jurisdiction over Defendants because Defendants target business activities toward consumers in the United States, including Illinois. Defendants sell to Illinois residents and other United States consumers by setting up and operating e-commerce stores through online platforms. Defendants offer shipping to the United States, including Illinois, and accept payments in U.S. dollars from U.S. bank accounts. Defendants have sold and continue to sell apparel with unauthorized copies of Roadget's copyrighted works to residents of Illinois. Defendants have wrongfully injured Roadget in the state of Illinois.

ANSWER: Deny.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). In this copyright action, venue is proper in any district in which Defendants reside or may be found, which includes any district in which they would be subject to personal jurisdiction. See also 28 U.S.C. § 1391(b)(3). Defendants are not residents of the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

ANSWER: Deny.

## BACKGROUND

**Plaintiff's Copyrighted Works**

8. Roadget is a private limited company registered in Singapore. Its SHEIN trademarks are used to sell a wide variety of products worldwide. In the United States, Roadget's affiliate and licensee, Shein Distribution Corporation ("SDC"), sells apparel, beauty products,

home goods, pet supplies, and a variety of other products through Roadget's mobile application and its website, https://us.shein.com.

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint and thus denies them.

9. The SHEIN brand has skyrocketed in popularity over the last several years, becoming one of the most visited fashion sites in the world and most talked-about brands on TikTok and other social media.

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and thus denies them.

10. SHEIN was an early adopter of social media marketing. The SHEIN App became the most downloaded shopping app on Apple's App Store in 2021. The following year, it attained the top spot as the most downloaded application in any category, outperforming both TikTok and Instagram. In addition to its total of over 60 million followers on social media, it became the most talked-about brand on TikTok in 2022. Social media influencers' "SHEIN haul" videos displaying their purchases regularly go viral.

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint and thus denies them.

11. Through the SHEIN brand, Roadget has invested significant resources in building goodwill and brand recognition on social media. It has made a name among regular shoppers. And it has registered various copyrights to protect its original designs and photographs.

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint and thus denies them.

12. Roadget is the registered owner of the 18 photographs at issue here (the "Roadget Copyrights"). The registration certificates are attached as Exhibit 1. As reflected on those certificates, Roadget is the copyright owner, and the copyrights are valid and enforceable. Roadget received all rights to the Roadget Copyrights from its subsidiary Guangzhou Shein International Ltd. through a single Deed of Assignment on July 13, 2023. The Roadget Copyrights are depicted in the table at ¶ 25.

ANSWER: Paragraph 12 contains legal conclusions and argument rather than well-pled averments of fact; thus, Defendant is not required to answer. To the extent a response is necessary, Defendant lacks sufficient knowledge or information upon which to admit or deny the remaining allegations contained in paragraph 12 of Plaintiff's Complaint and, therefore, denies them.

13. Each of the Roadget Copyrights is included in product listings on the SHEIN website and/or app. An exemplary SHEIN product listing for each photograph is provided in the following table. (table omitted)

ANSWER: Paragraph 13 contains legal conclusions and argument rather than well-pled averments of fact; thus, Defendant is not required to answer. Otherwise, Defendant denies these allegations.

**Defendants' Unlawful Conduct**

14. Defendants are online sellers on the e-commerce platform Temu. Defendants have deliberately and unlawfully copied, displayed, and sold various apparel using images virtually identical to the Roadget Copyrights. The success of the SHEIN brand inspires many copycats. Roadget regularly finds sellers on e-commerce platforms selling goods bearing infringing copies of the Roadget Copyrights. Defendants are among such sellers.

ANSWER: Defendant admits that it is an online seller on the e-commerce platform Temu and

denies the remaining allegations contained in Paragraph 14.

15. Defendants knowingly and willfully manufacture, offer for sale, and/or sell apparel using the Roadget Copyrights in the United States without authorization. Defendants' conduct infringes the Roadget Copyrights and irreparably harms Roadget.

ANSWER: Deny.

16. Defendants are a small subset of a broad campaign of widespread infringement by Temu sellers targeting Roadget's SHEIN brand. The infringement of Roadget's copyrights on Temu's website is widespread: to date, Roadget has identified over two hundred infringing product listings by Temu sellers. Sellers on Temu compete directly with SHEIN, with consumers choosing between them as alternatives. Defendants take advantage of that fact to divert consumers away from SHEIN using copycat product listings. The more infringers there are, the more difficult it is for Roadget to do anything to stop them, so that each new seller benefits from the conduct of the group as a whole.

ANSWER: Deny.

17. On information and belief, Defendants' conduct is coordinated in ways usually not seen in Schedule A litigation. Temu exercises considerable control over the sellers on its platform, dictating aspects of their product listings, including the prices and item descriptions.

ANSWER: Deny.

18. On information and belief, Temu's role in controlling its sellers could extend to coordinating their defense. Defendants are represented by the same counsel that has appeared for the defendants in two other Roadget-filed Schedule A copyright infringement cases. In each case, Defendants have filed joint briefs, often attaching nearly identically-worded declarations. Another firm, Dunlap Bennett & Ludwig PLLC, has represented defendants across all of the six other

Roadget Schedule A cases. Although some of these lawsuits included non-Temu defendants, no firm has yet entered an appearance for a non-Temu defendant. Dunlap Bennett & Ludwig PLLC also appeared in multiple cases as an amicus curiae to oppose Roadget's motions for temporary restraining orders, even before the defendants' names were unsealed.

ANSWER: Defendant admits that some of the defendants in this case have retained the same counsel. Defendant lacks sufficient knowledge or information upon which to admit or deny the remaining allegations contained in paragraph 18 of Plaintiff's Complaint and thus denies them.

## COUNT I

Copyright Infringement (17 U.S.C. §§ 106 and 501) Against Schedule A Defendants

19. Roadget incorporates each of the preceding paragraphs as if fully set forth herein.

ANSWER: Defendant incorporates its answers to Paragraph 1-19, inclusive.

20. The Roadget Copyrights are original works and are copyrightable subject matter under 17 U.S.C. § 101 *et seq.*

ANSWER: Paragraph 20 contains legal conclusions and argument rather than well-pled averments of fact; thus, Defendant is not required to answer. Otherwise, Defendant denies.

21. Roadget's copyright registrations for the Roadget Copyrights are valid and in full force and effect. At all relevant times, Roadget has owned and still owns all exclusive rights in the Roadget Copyrights, including the right to reproduce, to prepare derivative works, and to distribute copies.

ANSWER: Paragraph 21 contains legal conclusions and argument rather than well-pled averments of fact; thus, Defendant is not required to answer. Otherwise, Defendant denies.

22. Roadget has never assigned or licensed the rights to the Roadget Copyrights to any party unaffiliated with Roadget itself. In particular, Roadget has never granted any license or rights in the Roadget Copyrights to Defendants.

ANSWER: Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 22 of Plaintiff's Complaint and thus denies them.

23. Defendants have deliberately and unlawfully copied, manufactured, displayed, reproduced, created derivative works of, adapted, marketed, sold, and/or distributed the Roadget Copyrights in violation of Roadget's copyrights.

ANSWER: Deny.

24. Defendants had access to the Roadget Copyrights via the Internet, where the photographs are used to sell SHEIN products that SDC (a Roadget-affiliated company) sells online.

ANSWER: Deny.

25. Defendants' photographs are at least strikingly similar, and in many cases virtually identical, to the Roadget Copyrights. Examples are provided below of the Roadget Copyrights presented side-by-side with an infringing product of a Defendant listed in Schedule A. (table omitted)

ANSWER: Deny.

26. Roadget filed its original Complaint in this action on June 13, 2024. As of September 5, 2024, at least one Defendant identified in the original Complaint and Schedule A continues to infringe Roadget's copyrights. Roadget has discovered that Defendant No. 11 identified in Schedule A to the Complaint (Guangzhou Yifeimeng Clothing Store, d/b/a The One Queen) is actively infringing another one of its copyrights under a different seller alias, "youth in full bloom." On information and belief, there may be yet further undetected instances of

infringement of Roadget's copyrights by Defendants across multiple potentially unknown seller aliases.

ANSWER: Defendant admits that Roadget filed its original Complaint on June 13, 2024. The remaining allegations of Paragraph 26 contain legal conclusions and argument rather than well-pled averments of fact; thus, Defendant is not required to answer. Otherwise, Defendant denies the remaining allegations.

27. The side-by-side comparisons above demonstrate the deliberate copying that Defendants have engaged in to take advantage of Roadget's intellectual property in pursuit of Defendants' own sales. By virtually exactly copying photographs they knew they did not own, Defendants recklessly disregarded Roadget's rights as the copyright owner. Defendants' actions thus constitute willful copyright infringement in violation of 17 U.S.C. §§ 106, 501(a) and 504(c)(2).

ANSWER: Deny.

28. Defendants reap the benefit of their unauthorized copying in the form of revenue and other profits from the sale of clothing using the copied photographs.

ANSWER: Deny.

29. Pursuant to 17 U.S.C. § 504, Roadget is entitled to actual damages and any additional profits attributable to Defendants' acts in an amount to be determined at trial, as well as statutory damages, enhanced for Defendants' willful infringement.

ANSWER: Deny.

30. Defendants have caused, and if not enjoined will continue to cause, Roadget irreparable injury for which there is no adequate remedy at law.

ANSWER: Deny.

**PRAYER FOR RELIEF**

Roadget prays for the following relief:

1. Judgment in favor of Roadget.

2. Preliminary and permanent injunctive relief restraining Defendants and Defendants' officers, agent, servants, employees, attorneys, and all persons in active concert and/or participation with any of them from:

    a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Roadget Copyrights in any manner without Roadget's express authorization;

    b. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not manufactured by or for Roadget which bear the Roadget Copyrights.

3. Entry of an Order that, upon Roadget's request, those with notice of the injunction shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which bear the Roadget Copyrights.

4. Compensatory damages, as well as disgorgement of Defendants' profits.

5. Alternatively, where available, Roadget prays for the maximum amount of statutory damages provided by law, $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c).

6. Pre-and post-judgment interest and attorney's fees and costs.

7. All other and further relief as is just, equitable, and proper.

ANSWER: Defendant denies that Plaintiff is entitled to any relief on its Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Plaintiff is barred by 17 U.S.C. § 412 from claiming statutory damages or attorney's fees under the Copyright Act as any alleged acts of infringement occurred before the effective date of registration of Plaintiff's alleged work.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury as to all issues so triable.

Dated: September 12, 2024

Respectfully submitted,

s/ Christopher Keleher
Christopher Keleher
The Keleher Appellate Law Group, LLC
1 East Erie St., Suite 525
Chicago, IL 60611
312-448-8491
ckeleher@appellatelawgroup.com

Lan Li
Anchor Law LLC
1 E Erie St, Suite 525
Chicago, IL 60611
(312) 718-6573
lan.li@anchorlawllc.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies on September 12, 2024 that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully submitted,

s/ Christopher Keleher

Christopher Keleher
The Keleher Appellate Law Group, LLC
1 East Erie St., Suite 525
Chicago, IL 60611
312-448-8491

ckeleher@appellatelawgroup.com